# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| JAY JASKOLSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.  4:18-cv-252 |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JAY JASKOLSKI ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LP, ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Tallahassee, Leon County, Florida.

7. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

9. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Houston, Texas.

12. Defendant's business includes, but is not limited to, collecting on unpaid,

outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. The alleged debt at issue arises from transactions for personal, family, and

household purposes.

20. In or around May 2018, Defendant began placing collection calls to Plaintiff on Plaintiff's telephone at xxx-xxx-1568 in an attempt to collect the alleged debt.

21. Defendant called Plaintiff from 855-298-8436, which is one of Defendant's telephone numbers.

22. On or around May 15, 2018, Defendant's female collector left the following voicemail messages on Plaintiff's telephone:

    a. "This message is for Jay Jaskolski. This is [inaudible]. Please call me at 855-298-8436."

23. The telephone number left in the aforementioned voicemail message is one of Defendant's telephone numbers.

24. Defendant's female collector was working within the scope of her employment when she the left voicemail message on Plaintiff's telephone.

25. Defendant's female collector is familiar with the FDCPA.

26. Defendant's female collector knows the FDCPA requires debt collectors to identify the company's name when leaving a voicemail message.

27. Defendant's female collector knows that the FDCPA requires the debt collector to disclose that the communication is from a debt collector and that

any information obtained will be used for that purpose.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d(6) of the FDCPA by placing a collection call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant's female collector failed to identify the company's name as GC Services during the voicemail message left on Plaintiff's telephone;

   b. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's female collector failed to disclose that she is a debt collector attempting to collect a debt during the voicemail message left on Plaintiff's telephone; and

   c. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, JAY JASKOLSKI, respectfully requests judgment

be entered against Defendant, GC SERVICES, LP, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

31. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff repeats and re-alleges paragraphs 1-27 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

29. Defendant violated the FCCPA based on the following:

   a. Defendant violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family, when Defendant's female collector failed to identify the company's name as GC Services during the voicemail message left on Plaintiff's telephone and when Defendant's female collector failed to disclose that she is a debt collector attempting to collect a debt during the voicemail message left on Plaintiff's telephone.

6

WHEREFORE, Plaintiff, JAY JASKOLSKI, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

30. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

31. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

32. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2); and

33. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: May 23, 2018         By:  /s/ Shireen Hormozdi  _____
                                 **Shireen Hormozdi**
                                 Hormozdi Law Firm, LLC
                                 1770 Indian Trail Lilburn Road, Suite175
                                 Norcross, GA 30093
                                 Tel: 678-395-7795
                                 Fax: 866-929-2434
                                 shireen@agrusslawfirm.com
                                 shireen@norcrosslawfirm.com
                                 Attorney for Plaintiff